**Motion Granted; Appeal Dismissed and Memorandum Opinion filed November 25, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00620-CR

---

## EX PARTE VECTOR THORN, Appellant

---

**On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause No. 1431849**

---

## M E M O R A N D U M   O P I N I O N

Appellant Vector Thorn appeals from the trial court's order denying his pretrial application for writ of habeas corpus.

Appellant was indicted for fraudulent use or possession of identifying information. He filed a pretrial application for writ of habeas corpus challenging the constitutionality of the charges against him and Texas Penal Code section 32.51. On October 21, 2014, the trial court granted the State's motion to dismiss

the indictment.

On November 14, 2014, the State filed a motion to dismiss this appeal. Appellant responded to the motion arguing that this court retain the appeal and address the merits of appellant's constitutionality arguments because his claim warrants an exception to the mootness doctrine.

The mootness doctrine limits courts to deciding cases in which an actual controversy exists. *Ex parte Flores*, 130 S.W.3d 100, 104–05 (Tex. App.—El Paso 2003, pet. ref'd). When there has ceased to be a controversy between the litigating parties, which is due to events occurring after judgment has been rendered by the trial court, the decision of an appellate court would be a mere academic exercise and the court may not decide the appeal. *Id.* A case that is moot is normally not justiciable. *Pharris v. State*, 165 S.W.3d 681, 687–88 (Tex. Crim. App. 2005).

One of the exceptions to the general rule is when a claim is "capable of repetition, yet evading review." The United States Supreme Court has said that "the 'capable of repetition but evading review' doctrine [is] limited to the situation where two elements combine: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975). The Texas Court of Criminal Appeals has adopted and applied this doctrine. *See Pharris*, 165 S.W.3d at 688.

Assuming arguendo that the challenged action here was too short in duration to be fully litigated prior to the State's dismissal of the charges, appellant cannot show that he would be subjected to the same action again because the State dismissed all criminal charges that were filed against him in this case. *Cf. id.* at 688–89 (holding Pharris would be likely subjected to same no bond condition

2

again because State had filed multiple charges against him and represented that it would be filing more charges against him in that case). We conclude the capable of repetition but evading review exception does not apply to this case.

Appellant further argues that his appeal is not moot due to the collateral consequences he faces having been indicted. This exception is invoked only under narrow circumstances when vacating the underlying judgment will not cure the adverse consequences suffered by the party seeking to appeal the judgment. *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 789 (Tex. 2006). In order to invoke the collateral consequences exception, appellant must show (1) a concrete disadvantage resulted from the judgment or order; and (2) the disadvantage will persist even if the order is vacated. *Id*. Appellant does not specify a "concrete disadvantage" resulting from the denial of his pretrial writ of habeas corpus in light of the State's dismissal of all charges. Appellant admits this doctrine has not been applied "on the question of whether an arrest or indictment can sufficiently stigmatize a defendant to allow invocation of the protection of this exception to the mootness doctrine." We conclude the "collateral consequences" exception to mootness does not apply to this case.

We grant the State's motion to dismiss and order the appeal dismissed.


PER CURIAM


Panel consists of Justices Boyce, Jamison, and Donovan.

Do Not Publish — Tex. R. App. P. 47.2(b).